UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TCYK, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:13-CV-257 |
| v. ) | (VARLAN/GUYTON) |
| ) | |
| DOES 1-15, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court are two motions to quash and/or motions for protective order filed by *pro se* defendants [Docs. 11 and 14] and a Motion to Quash Subpoena Served Upon Custodian of Records, Comcast Cable, and Memorandum of Authorities [Doc. 13], filed by counsel for a Doe Defendant.[1] The Plaintiff has responded in opposition to these motions. [Docs. 15, 16]. The Court has considered the parties' positions and the applicable law, and the Court finds that the motions are not well-taken. See Killer Joe Nevada v. Does, Case No. 3:13-CV-217, Memorandum and Order (E.D. Tenn. Oct. 28, 2013).

The Court finds, first, that the Doe Defendants do not have standing to object to the subpoenas served upon third-party internet service providers. See Waite, Schneider, Bayless & Chesley Co. L.P.A. v. Davis, 2013 WL 146362, at *5 (S.D. Ohio Jan. 14, 2013); First Time Videos v. Does 1-500, 276 F.R.D. 241 (N.D. Ill. 2011).

---

[1] Counsel purports to represent "Doe No. 1-15," which appears to be an error combining the caption's reference to "Does 1-15," which refers to Doe No. 1, Doe No. 2, *et seq.*

Further, the Court finds that the Doe Defendants have not demonstrated that the subpoenas at issue should be quashed pursuant to Rule 45 of the Federal Rules of Civil Procedure. Specifically, the Court finds that the subpoena does not impose a burden upon the Doe Defendants, because it does not call upon them to produce any documents or present testimony. Moreover, there is little threat of disclosure of confidential information, because "courts have consistently held that Internet subscribers do not have a reasonable expectation of privacy in their subscriber information – including name, address, phone number, and email address – as they have already conveyed such information to their ISPs." First Time Videos, 276 F.R.D. at 247 (citing Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. v. Does 1-4,577, 736 F.Supp.2d 212 (D.D.C. 2010)).

In addition, the Court finds that the Doe Defendants have not demonstrated that the Court should issue a protective order pursuant to Rule 26 of the Federal Rules of Civil Procedure, because again, the Doe Defendants have failed to demonstrate that the subpoena imposes a burden upon them.

The Doe Defendants have not cited the Court to any privilege – *e.g.* attorney-client, doctor-patient – that protects a person's name, address, or phone number from disclosure, and again, case law holds there is no privacy interest in such information. See id. Because the Doe Defendants have already shared the information sought in the subpoena with the ISP for purposes of setting up their internet subscription, the Court finds that this basic information is neither privileged nor protected.

Finally, the Court finds that to the extent the Doe Defendants argue actual innocence, the Court finds that there is no basis for quashing a subpoena or issuing a protective order based upon a general denial of liability. See First Time Videos, 276 F.R.D. at 250. "A general denial

2

of liability is not relevant as to the validity or enforceability of a subpoena, but rather should be presented and contested once parties are brought properly into the suit." Id. The Doe Defendants may deny their liability once served with process in this case through appropriate pleadings, motions, or evidence at trial. A motion to quash is not the forum for addressing general denials of liability.

Accordingly, the Court finds that the motions to quash and/or motions for protective order **[Docs. 11, 13, 14]** are not well-taken, and they are **DENIED**.

**IT IS SO ORDERED**.

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge